IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RICHARD BLOME,
FDOC #081893,
          Plaintiff,

vs.                                                  Case No.: 3:18cv2109/RV/EMT

JULIE JONES, et al.,
          Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate of the Florida Department of Corrections ("FDOC")
proceeding pro se and in forma pauperis, commenced this case by filing a civil rights
complaint under 42 U.S.C. § 1983 (ECF No. 1).  Plaintiff names the Secretary of the
FDOC, a correctional officer at Walton Correctional Institution, and the chaplain at
Walton C.I. as Defendants (ECF No. 1 at 1, 3–4).  Plaintiff claims that Defendants
violated his constitutional rights on November 15, 2017, by suspending him from the
religious diet program for one year (*id.* at 5–6).

The case was referred to the undersigned for the issuance of all preliminary
orders and any recommendations to the district court regarding dispositive matters.
*See* N.D. Fla. Loc. R. 72.2(C); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P.

72(b).  Upon consideration, for the reasons given below, the court recommends that this action be dismissed.

Because Plaintiff is a prisoner proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   28 U.S.C. §§ 1915(e)(2)(B), 1915A.  A plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as "malicious" under § 1915(e)(2)(B)(i) and § 1915A(b)(1).  *See* Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998), *abrogated in part on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007); *see also, e.g.*, Sears v. Haas, 509 F. App'x 935, 935–36 (11th Cir. 2013) (unpublished) (dismissal of action without prejudice as malicious for abuse of judicial process was warranted where inmate failed to disclose case he had filed against prison officials just five months earlier, and failed to disclose another case he filed six years earlier that had been dismissed prior to service for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964–65 (11th

Cir. 2012) (unpublished) (dismissal of action without prejudice for abuse of judicial process was warranted where inmate made no attempt to disclose his prior cases in his original and amended complaints); <u>Jackson v. Fla. Dep't of Corr.</u>, 491 F. App'x 129, 132–33 (11th Cir. 2012) (unpublished) (dismissal of action without prejudice as malicious for prisoner plaintiff's abuse of judicial process was warranted where plaintiff failed to disclose existence of one prior case, and disclosed existence of another prior case but still failed to disclose that it was dismissed as frivolous, malicious, failing to state a claim, or prior to service); <u>Redmon v. Lake Cnty. Sheriff's Office</u>, 414 F. App'x 221, 226 (11th Cir. 2011) (unpublished) (prisoner's failure to disclose previous lawsuit filed in district court while he was a prisoner constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action, because prisoner's misrepresentation was not excused by his explanation that he misunderstood complaint form on which he represented, under penalty of perjury, that he did not file any prior lawsuits with similar facts or otherwise relating to his imprisonment or conditions of imprisonment); <u>Shelton v. Rohrs</u>, 406 F. App'x 340, 340–41 (11th Cir. 2010) (unpublished) (affirming dismissal of action without prejudice for prisoner plaintiff's abuse of judicial process where plaintiff failed to disclose four previous civil actions; even if prisoner did not have access to his legal

materials, he would have known that he filed multiple previous lawsuits); Young v. Sec'y for Dep't of Corr., 380 F. App'x 939, 940–41 (11th Cir. 2010) (unpublished) (district court did not abuse its discretion when it sanctioned Florida prisoner proceeding in forma pauperis by dismissing his civil rights lawsuit *sua sponte* for not disclosing all of the information that was known to him with regard to his prior cases, even though prisoner could not afford to pay copying and certification costs charged by Florida state courts and he no longer had documents necessary to answer fully due to FDOC rule prohibiting possession of "excess legal material"); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (unpublished) (dismissal of pro se state inmate's § 1983 action as sanction for providing false answers to unambiguous questions on complaint form regarding prior lawsuits was not an abuse of discretion, even though inmate conceded in his objections to magistrate judge's report and recommendation that his disclosures were incomplete; to allow inmate to continue with suit would have served to overlook his abuse of judicial process).

In general, a dismissal without prejudice does not amount to an abuse of discretion. *See* Dynes v. Army Air Force Exch. Serv., 720 F.2d 1495, 1499 (11th Cir. 1983) (holding that dismissal without prejudice, even for a minor violation of a court order, was not an abuse of discretion). Such a dismissal should be allowed absent

some plain prejudice other than the mere prospect of a second lawsuit. *See* <u>Kotzen v. Levine</u>, 678 F.2d 140 (11th Cir. 1982).

Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i) and 1915A(b)(1). Section III of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 1 at 1–3). Question B of Section III asks, "Have you initiated other lawsuits in <u>federal court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" (*id.* at 2). Plaintiff responded "No", thus stating he has not initiated other lawsuits in federal court relating to his imprisonment or the conditions of his imprisonment. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**" (*id.* at 7).

As routinely recognized by this court, the information from Section III of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by

> the same judge who presided over, another action; it allows
> consideration of whether any ruling in the other action affects the
> prisoner's current case.  All of these things are appropriately considered
> in connection with the preliminary review of such a complaint under the
> Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27,

2000).  Further, because prisoner plaintiffs generally proceed pro se, the information

helps the court determine their litigation experience and familiarity with the legal

terrain of the current action.  The time spent verifying the cases a plaintiff has filed

but failed to identify, as well as the dispositions of those cases, can be considerable.

    The court takes judicial notice that prior to Plaintiff's commencing the instant

case on September 19, 2018, he filed Blome v. Reed, et al., Case No.

1:11-cv-00266-SPM-GRJ, in this District Court.  See Blome v. Reed, Case No.

1:11-cv-00266-SPM-GRJ, Complaint, ECF No. 1 (N.D. Fla. Dec. 15, 2011).[1] Plaintiff

was incarcerated at Florida State Prison when he filed Case No. 1:11-cv-00266-SPM-

GRJ, and the case related to his imprisonment or the conditions of his imprisonment,

because Plaintiff alleged prison officials at Cross City Correctional Institution violated

his Fourth and Eighth Amendment rights by charging him with a false disciplinary

infraction and failing to afford him due process during the disciplinary hearing.  See

---

[1] The FDOC inmate number of the plaintiff in the above-listed case is the same as Plaintiff's.

*id.* The court dismissed the case on August 21, 2012, upon Plaintiff's filing a notice of voluntary dismissal. *See id.*, Order of Dismissal, ECF No. 26 (N.D. Fla. Aug. 21, 2012).

Additionally, prior to Plaintiff's commencing the instant case, he filed <u>Blome v. Gentile</u>, Case No. 3:11-cv-01000-MMH-PDB, in the federal court for the Middle District of Florida. *See* <u>Blome v. Gentile</u>, Case No. 3:11-cv-01000-MMH-PDB, Complaint, ECF No. 1 (M.D. Fla. Oct. 11, 2011).[2] Plaintiff was incarcerated at Florida State Prison when he filed Case No. 3:11-cv-01000-MMH-PDB, and the case related to the conditions of his imprisonment, because Plaintiff alleged that prison officials at New River West Correctional Institution used excessive force, and that prison officials at New River West and Cross City Correctional Institutions retaliated against him and violated his due process rights during disciplinary proceedings. *See id.* The court granted summary judgment in Defendant Gentile's favor on September 15, 2014. *See id.*, Order, ECF No. 68 (M.D. Fla. Sept. 15, 2014), Judgment, ECF No. 69 (M.D. Fla. Sept. 16, 2014).

Both of the cases discussed above were responsive to Question B of Section III of the complaint form, but Plaintiff did not identify either case.

---

[2] Again, the FDOC inmate number of the plaintiff in the above-listed case is the same as Plaintiff's.

The court has authority to control and manage matters such as this case pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to a question on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action(s) was required.  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.[3, 4]  *See* Rivera, 144 F.3d at 731 (dismissal

---

[3] Providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuit which he failed to identify would equate to overlooking his abuse of the judicial process. *See* Hood,

of an action without prejudice as a sanction for a pro se prisoner's failure to disclose the existence of a prior lawsuit, where that prisoner was under penalty of perjury, is proper); <u>Spires</u>, Case No. 3:00cv249-RH, Order (N.D. Fla. Oct. 27, 2000) ("Dismissal without prejudice is not too severe a sanction under these circumstances."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

1.    That this case be **DISMISSED WITHOUT PREJUDICE** as malicious, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

2.    That the clerk enter judgment accordingly and close this case.

At Pensacola, Florida, this <u>24th</u> day of September 2018.

---

197 F. App'x at 819. Amendment would not change the fact that Plaintiff failed to disclose all of the cases he was required to disclose, despite his knowledge that accurate disclosure of his litigation history on the complaint form was required and that dismissal of the instant action may result from his untruthful answers to the questions in Section IV of the complaint form.

[4] A dismissal without prejudice does not equate to a dismissal with prejudice due to a statute of limitations issue. The statute of limitations for claims under § 1983 is four years. *See* <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir. 2003) (four-year statute of limitations for § 1983 claims for which Florida is the forum state). Plaintiff alleges Defendants' allegedly unconstitutional conduct occurred in November of 2017 (*see* ECF No. 1 at 5–6). He thus has more than adequate time to file another civil rights action.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.